O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE ALFARO and DESIDERIA ALFARO,<br><br>        Plaintiff,<br><br>  v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AMERICA'S WHOLESALE LENDER; GRAND CAPITAL; CTC REAL ESTATE SERVICES; RECONTRUST COMPANY, N.A.; and MANJIT GHATAURA<br><br>        Defendants. | Case No. EDCV 09-1382-VAP (VBKx)<br><br>**[Motion filed on July 29, 2009]**<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

    Defendants' Motion to Dismiss for Failure to State a Claim came before the Court for hearing on September 14, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS Defendants' Motion to Dismiss, without leave to amend, as to the TILA and RESPA claims.  Having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs'

pendent state claims and accordingly REMANDS the case to state court.  This Court also VACATES the hearing for the Motion to Remand scheduled for September 21, 2009.

## I. BACKGROUND

### A. Factual Allegations

On January 10, 2006, Plaintiffs Felipe Alfaro and Desideria Alfaro ("Plaintiffs") financed the purchase of a property with a mortgage loan from Defendant Countrywide Home Loans, Inc. dba America's Wholesale Lender ("Countrywide").  (Compl. ¶¶ 1, 9.)  The loan was secured by a deed of trust.  (Compl. ¶ 10.)  On May 29, 2009, after Plaintiffs defaulted on their loan payments, Defendants recorded a "Notice of Trustee's Sale." (Compl. ¶ 11.)  The sale was scheduled to take place on June 19, 2009.  (Id.)  On June 16, 2009, Plaintiffs commenced this action in California Superior Court for the County of San Bernardino seeking, among other things, to enjoin foreclosure.

### B. Procedural History

On June 16, 2009, Plaintiffs filed a Complaint in San Bernardino Superior Court against Defendants Countrywide Home Loans, Inc. ("Countrywide"), ReconTrust Company, N.A. ("ReconTrust"), and Manjit Ghataura ("Ghataura") (collectively, "Defendants").  The Complaint alleged three causes of action: (1) injunctive relief; (2)

2

declaratory relief; and (3) an accounting.  Although it is difficult to determine what claims Plaintiffs assert because their Complaint lists the relief sought instead of the claims asserted, it appears Plaintiffs base their injunctive relief claim, at least in part, upon allegations that Countrywide violated the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").  The Complaint also generally refers to common law fraud (Compl. ¶ 1), "violation of law" (Compl. ¶ 2), "federal and state obligations to make full and truthful disclosures of all material facts . . . as well as common law contractual obligations" (Compl. ¶ 3), and "Federal and State truth in lending and other laws related to residential lending."  (Compl. ¶¶ 18, 19.)

The Superior Court granted Plaintiffs' application for a Temporary Restraining Order, preventing foreclosure of the deed of trust on Plaintiffs' property.  On July 22, 2009, before the Superior Court ruled on Plaintiffs' motion for a preliminary injunction, Defendants removed the case to this Court.  Defendants' basis for removal was original federal question jurisdiction pursuant to 28 U.S.C. § 1331, arising from Plaintiffs' TILA and RESPA claims.  (Not. of Removal at 3.)

1  On July 29, 2009, Defendants filed a "Motion to
2 Dismiss the Complaint."  Plaintiffs filed the Opposition
3 on August 31, 2009.  On August 20, 2009, Plaintiffs filed
4 a Motion to Remand to San Bernardino Superior Court.  The
5 hearing for the Motion to Remand is set for September 21,
6 2009.

## II. LEGAL STANDARD

9  Under Rule 12(b)(6), a party may bring a motion to
10 dismiss for failure to state a claim upon which relief
11 can be granted.  As a general matter, the Federal Rules
12 require only that a plaintiff provide "'a short and plain
13 statement of the claim' that will give the defendant fair
14 notice of what the plaintiff's claim is and the grounds
15 upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47
16 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic
17 Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition,
18 the Court must accept all material allegations in the
19 complaint -- as well as any reasonable inferences to be
20 drawn from them -- as true.  See Doe v. United States,
21 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S.
22 Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

24  Nevertheless, "the pleading standard Rule 8 announce
25 . . . demands more than an unadorned, the-defendant-
26 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556
27 U.S. __, 129 S. Ct. 1937, 1949 (2009).  "While a

4

1  complaint attacked by a Rule 12(b)(6) motion to dismiss
2  does not need detailed factual allegations, a plaintiff's
3  obligation to provide the 'grounds' of his 'entitlement
4  to relief' requires more than labels and conclusions, and
5  a formulaic recitation fo the elements of a cause of
6  action will not do." Bell Atlantic, 127 U.S. at 555
7  (1964-65) (citations omitted).  Rather, the allegations
8  in the complaint "must be enough to raise a right to
9  relief above the speculative level." Id.

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

Defendants' basis for removal was federal question jurisdiction under 28 U.S.C. § 1131.  Thus, the Court first considers the federal questions raised in the Complaint.  Plaintiffs allege TILA and RESPA claims, both of which fail because they are time-barred.

**A.   Truth in Lending Act Claim**

Plaintiffs' injunctive relief claim seeks rescission of the loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. 1602 et seq.  (Compl. ¶¶ 12, 12.1.) Plaintiffs allege the promissory note violates the Truth in Lending Act because "the final Truth in Lending Statement stated the amount financed under said note to be $393,530.39, while both the final note as well as the HUD-1 form show the final amount financed as being $402,579.00."  (Compl. ¶ 12.1.)  Plaintiffs, therefore, allege the statement understated the amount of the loan by $9,039.61 (Compl. ¶ 13), and seek to excuse Plaintiffs' obligation under the note, (Compl. ¶¶ 12, 15).  Despite the presence of these assertions in the Complaint, Plaintiffs' Opposition states they "made no attempt to state a TILA or RESPA cause of action."  (Opp. at 7.)  Addressing the Complaint as pled, Plaintiffs' TILA violation claim is time-barred.  See 15 U.S.C. § 1640(e).

The Complaint appears to seek rescission of the contract pursuant to TILA.  (See Compl. ¶ 12) (alleging the TILA violation makes Plaintiffs' breach of the trust deed "excusable.")  To obtain rescission, a plaintiff must bring suit within three years from the date of the violation.  15 U.S.C. § 1635(f); Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002).  The

date of violation is the date "the loan documents were signed" or the sale date of the property, whichever comes first. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003); King v. State of Cal., 784 F.2d 910, 913 (9th Cir. 1986).

Plaintiffs signed their loan documents on January 10, 2006. (Compl. ¶ 9.) The time period for Plaintiffs to bring a TILA rescission action against Defendants accordingly expired on January 10, 2009. Plaintiffs did not file their Complaint until June 16, 2009. Thus, Plaintiffs' TILA claim is untimely and the Court GRANTS Defendants' motion to dismiss, without leave to amend, as to the TILA claim.

**B.   Real Estate Settlement Procedures Act Claim**

Plaintiffs' injunctive relief claim seeks rescission of the loan pursuant to the Real Estate Settlement Act ("RESPA"), 26 U.S.C. section 2605. Plaintiffs allege the "Yield Spread Premium" listed in the final HUD-1 of $6,038.69 "was paid to the Defendant Brokers directly from the borrowers' proceeds for the appraisal, credit report, tax related services, wire transfer fees, flood certification free, broker discount fee, broker underwriting fee and broker courier fees totaling $6733.69." (Compl. ¶ 12.4.) Plaintiffs allege this "Yield Spread Premium" was an "illegal kickback" in

violation of RESPA.  (Id.)  As noted, although these claims appear on the face of the Complaint, Plaintiffs deny they attempted to plead a claim under RESPA.  (Opp. at 7.)  Addressing the claim as pleaded, Plaintiffs fail to state a claim for RESPA violations, because any such claim is time-barred.  See 12 U.S.C. § 2607.

The Complaint appears to seek rescission of the contract pursuant to RESPA.  (See Compl. ¶¶ 12, 12.4) (alleging the RESPA violation makes Plaintiffs' breach of the trust deed "excusable.")  Private parties must bring claims for RESPA violations within one year "from the date of the occurrence of the violation."  12 U.S.C. § 2614.  Barring extenuating circumstances, "the date of occurrence of the violation" is the date the loan closed.  Bloom v. Martin, 865 F. Supp. 1377, 1396-77 (N.D. Cal. 1994), aff'd, 77 F.3d 318 (9th Cir. 1996).  Plaintiffs' closing occurred on January 10, 2006.  (Compl. ¶ 9.)  The time period for Plaintiffs to bring a RESPA rescission action against Defendants accordingly expired on January 10, 2007.  Plaintiffs did not file their Complaint until June 16, 2009.

Thus, Plaintiffs' RESPA claim is untimely and the Court GRANTS Defendants' motion to dismiss, without leave to amend, as to the RESPA claim.

### III. CONCLUSION

For the foregoing reasons, the Court reaches the following conclusions:

1. The Court GRANTS Defendants' Motion to Dismiss, without leave to amend, as to the TILA and RESPA claims.
2. Having dismissed Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state claims and accordingly REMANDS the case to the California Superior Court.

**IT IS SO ORDERED.**

Dated: September 15, 2009

VIRGINIA A. PHILLIPS
United States District Judge